AMENDED 2/18/05

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

_____

**Lovey L Lewis-Robinson**, an) Civil No. 0 4 – 1 2 9 2-GMS
Individual;

    Plaintiff,
                                            **COMPLAINT**
V.

**Fingerhut**                              **Jury Trial Demanded)**

                                            **)**
    Defendants.

_____

    Upon information and belief, and in good faith, Plaintiff, Lovey L Lewis- Robinson, alleges as follows:

**Preliminary Statement**

Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA" 15 U.S.C. §1681 et seq. Plaintiff seeks an award of statutory damages, actual damages, punitive damages, and costs.

**Jurisdiction**

    The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §§1331. Venue lies in the Wilmington Division of the District of Delaware as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

**Parties**

1. Plaintiff Lovey L. Lewis- Robinson is a resident and citizen of the State of Delaware.
2. Plaintiff is a "consumer" as defined by FCRA § 1681a© of the FCRA. **< Social Security No. Deleted>**
**3. Defendant Fingerhut sells goods through its catalog and website with its principal place of business located at 4400 Baker Road, Minnetonka, MN 55343.**
**4. Upon information and belief, defendant Fingerhut is a corporation organized and existing in accordance with the state laws of the State of Minnesota.**
**5. Defendant Fingerhut is a "furnisher" of information as contemplated by the FCRA § 1681S- 2(a).**

**Cause of Action**

**6. Defendant Fingerhut failed in their duty to correct and update incorrect information in violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C.1681s-2 (b). Under 15 U.S.C. §§ 1681n (a) any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer**

**is liable to that consumer. And further, pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer.**

7.   On or about October 2, 2003, Plaintiff requested a copy of her consumer credit report as prepared by Experian via first class mail.

8.   On or about November 13, 2003, Plaintiff obtained a copy of her Experian Credit Report via Internet, at that time, Plaintiff noticed an account she did not recognize being reported under the tradeline of Fingerhut Corporation.

9.   Plaintiff immediately disputed the erroneous information as "not my account" with Experian via telephone.

10.  Upon information and belief, Experian communicated Plaintiff's dispute to Fingerhut Corporation.

**11.  Upon information and belief, Fingerhut Corporation subsequently reported back to Experian that Plaintiff's account was reporting correctly and all information was verified**.

12.  On or about December 19, 2003, Experian sent Plaintiff an updated copy of her credit report reflecting its reinvestigation of Plaintiff's dispute.

13.  The December 19, 2003 Experian report shows that Fingerhut Corporation 'Verified" the account reporting as accurate.  The report also reflects "In prior 12 months from date closed 10 times 90 or more days late" and that "Maximum delinquency of 90+ days occurred "12/2003."

14.  Plaintiff contacted Fingerhut Corporation and requested account validation on December 20, 2003 and received no response to my request to verify accurate reporting of this account.

15.  Plaintiff disputed the Fingerhut Corporation tradeline again on or about January, 24,2004 via US mail to Experian requesting account be verified for accuracy.$^{AMENDED}$

16.  On February 20, 2004, Defendant sent a report Number 2091404750 to the Plaintiff with the tradeline Fingerhut Corporation reporting as "This item was verified on 12-2003 and remained unchanged.

17.  On March 5, 2004 plaintiff went on defendants website to dispute the tradeline Fingerhut Corporation. Defendants website did not allowed the plaintiff to dispute the Fingerhut tradeline due to "previously verified account".

18.  On or about September 8, 2004, Plaintiff received an updated copy of her credit report from defendant's website reflecting Experian reinvestigation of Plaintiff's dispute due 9/29/04.

19.  The September 8, 2004 report showed Fingerhut Credit Advantage outcome: deleted.

20. The Experian credit report dated November 15, 2004, Plaintiff noticed a tradeline for Jefferson Capital System account number 14111812…. The tradeline erroneously reflected "Date opened 4-2002, Reported since 7-2004, Collection as of 7-2004, 9-2004 Original Creditor: "Fingerhut Credit Advantage".
21. Plaintiff immediately disputed the erroneous information with Jefferson Capital System.
22. Upon information and belief, Jefferson Capital System is a Collection Agency collecting a debt on behalf of Fingerhut.
    Upon information and belief, Jefferson Capital System communicated Plaintiff that the social security number did not match with the plaintiff's social security number.
24. Upon information and belief, Jefferson Capital System
    On or about September 17, 2004, Experian sent Plaintiff an updated copy of her credit report reflecting its reinvestigation of Plaintiff's dispute.
25. Upon information and belief, Jefferson Capital System communicated to Plaintiff account is in a male name.
26. The September 17, 2004 Experian report reflects that Jefferson Capital System , Outcome: Deleted.
**27. Upon information and belief, Plaintiff's credit report clearly requests ID security alert and fraudulent use of identity has occurred.**
28. As a direct result and proximate cause of the Defendant continued reporting of erroneous and adverse information to the credit bureaus, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, and loss of opportunity.

### Causes of Action
### Fair Credit Reporting Act

29. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
**30. As a result of Fingerhut's actions, Plaintiff has been damaged.**
**31. Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.**
**32. As a result of Fingerhut's negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of**

**said failure and (2) the costs of this action together with reasonable attorneys' fees.**
**33. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.**
**34. As a result of Fingerhut's willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.**
**35. Defendant Fingerhut has reported inaccurate information to Experian which was communicated to defendant via telephone and US mail on several occasions and when Plaintiff disputed this account as being fraudulent, defendant failed to investigate in violation of 15 U.S.C 1681S-2(b).**

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

    **Actual damages amount to be determined by a jury.**
    **Statutory damages amount to be determined by a jury.**
    **Punitive damages amount to be determined by a jury.**
    Costs and reasonable attorney's fees.

WHEREFORE, the Plaintiff respectfully requests a Judgment of this Court awarding her economic, compensatory and punitive damages all as provided by law, attorney's fees if Plaintiff retains an attorney during the pendency of this action, equitable relief, the costs and disbursements of this action and for such other and further relief as to the Court may be just and proper.

DATED  2-18-05
**Lovey L Lewis- Robinson**
**/s/**
**Pro Se**
**41 Decidedly Lane**
**Bear, DE 19701**
**(302) 838-2237**
**Lovey77@earthlink.net**

Case 1:04-cv-01292-GMS   Document 21   Filed 09/12/2005   Page 6 of 6